**O'BRIEN, BELLAND & BUSHINSKY, LLC**

1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
*By:* Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND for and on behalf of themselves and said FUNDS; IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND; and IBEW LOCAL UNION NO. 351, | Case No. **COMPLAINT** |
| *Plaintiffs,* | |
| v. | |
| MERCHANT ELECTRIC, INC. doing business as MERCHANT ELECTRIC AND LIGHTING SERVICES, INC., | |
| *Defendant.* | |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, and the breach took place in New Jersey.

3.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because Defendant maintains or maintained a principal place of business in the State of New Jersey

4.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5.      Plaintiff Trustees of the IBEW Local 351 Pension, Surety, Welfare, Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Funds ("Funds") are fiduciaries of the Funds within the

2

meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §1002(21) and §1132. The Plaintiff Funds are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are employee benefit plans established and maintained pursuant to Sections 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

6.    Plaintiff Funds are multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

7.    The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

8.    Plaintiff Funds have standing to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

9.    The Trustees are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

10.   Plaintiff Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

11.   Plaintiff Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29

3

U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12.    Plaintiff IBEW Local Union No. 351 ("Union") is engaged in collective

bargaining on behalf of construction electricians throughout the State of New Jersey.

The Union qualifies to commence this action under Section 301 of LMRA, 29 U.S.C.

§185.

13.    The Union maintains their principal place of business at 1113 Black

Horse Pike, Folsom, New Jersey 08037.

14.    Defendant, Merchant Electric, Inc. d/b/a Merchant Electric and Lighting

Services, Inc. ("Merchant ) is referred to as "Defendant" or "employer" or "party in

interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14)

respectively, is an employer in an industry affecting commerce within the meaning of

Section 301 of LMRA, 29 U.S.C. §185.

15.    Upon information and belief, Defendant Merchant's principal place of

business is located at 230 Market Street, Elmwood, New Jersey 07407.

16.    Defendant Merchant conducts, or has conducted, business in the State

of New Jersey during all times relevant to this Complaint.

## COUNT ONE

17.    Plaintiffs incorporate the allegations of Paragraphs 1 through 16 of this

Complaint as if set forth herein in their entirety.

4

18.    At all times relevant hereto, Defendant Merchant was party to and agreed to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA") with the Union or one or more local labor unions or district councils affiliated with the Union.

19.    At all times relevant hereto, Defendant Merchant also signed and agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which, along with the CBA, requires fringe benefit contributions be made for eligible participants on a timely basis.

20.    Defendant Merchant failed to pay, or has only paid a portion of, the delinquent contributions as required by the Inside Agreement, Trust Agreement, and Collection Policy for period including, but not limited to, the period of January 1, 2011 through December 31, 2016.

21.    Payment of the delinquent contributions and penalties has been demanded by the Funds, but Defendant Merchant has refused to submit the required payments.

22.    Such delinquencies, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

23.    Defendant Merchant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

5

24.     This action is brought in part by the Plaintiffs pursuant to Section

502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145,

pursuant to which this Court is directed to award all unpaid contributions, interest,

liquidated damages up to or exceeding twenty percent, reasonable attorneys' fees,

court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.     Order Defendant to pay contributions due and owing to the

Plaintiff Funds;

B.     Order Defendant to pay all delinquent penalties owed to

Plaintiff Funds;

C.     Order Defendant to pay interest on the delinquent contributions

at the rate as provided by 29 U.S.C. §1132(g);

D.     Order Defendant to pay liquidated damages as provided by 29

U.S.C. §1132(g);

E.     Order Defendant to specifically perform all obligations to the

Plaintiff Funds under the CBA;

F.     Order Defendant to pay the Funds' reasonable attorneys' fees

and costs incurred in the prosecution of this action as provided by 29 U.S.C.

§1132(g); and

6

G.     Order such other and further relief as this Court may deem just and appropriate.

## COUNT TWO

25.    Plaintiffs incorporate the allegations of Paragraphs 1 through 24 of this Complaint as if set forth herein in their entirety.

26.    Defendant Merchant is signatory to, or has assented to, the CBA with the Union and employs Union members.

27.    Defendant Merchant failed to remit dues check-offs for the period including, but not limited to, January 1, 2011 through December 31, 2016.

28.    Defendant Merchant violated the CBA by failing to remit dues check-offs and other contributions to the Plaintiff Union.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

A.     Order Defendant Merchant to pay dues-checkoffs due and owing to the Plaintiff Union; and

B.     Order such further legal, equitable or other relief as is just and proper.

## COUNT THREE

29.    Plaintiffs repeat the allegations set forth in paragraphs 1-28 as if fully set forth at length herein.

7

30. By virtue of the Inside Agreement, Trust Agreements, and in accordance with federal law and administrative regulations, Defendant Merchant agreed to produce, upon request by the Funds, all books and records deemed necessary to conduct the Audit.

31. Defendant Merchant failed to produce all the documents necessary to ensure that the findings of the Audit are true and correct.

32. The refusal and failure of Defendant Merchant to provide the Plaintiffs' auditors with all of its pertinent books and records violates the terms of the Inside Agreement and Trust Agreements.

33. The refusal and failure of Defendant Merchant to provide Plaintiffs' auditors with its pertinent books and records also violates § 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires Defendant Merchant "to maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under § 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

34. The refusal and failure of Defendant Merchant to provide Plaintiffs' auditors with its pertinent books and records in connection with its obligation to pay contributions to the Funds also violates § 515 of ERISA, 29 U.S.C. § 1145, which

8

requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement ...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

35.     As a result of Defendant Merchant's conduct in violation of the Inside Agreement, Trust Agreements and ERISA, Plaintiffs are entitled to an Order directing Defendant Merchant to present the pertinent books and records to the Plaintiffs' auditors for examination.

**WHEREFORE,** the Plaintiff Funds respectfully request the following relief:

A.     Order Defendant Merchant to produce the Time Cards/Time Sheets for all employees for the period of January 1, 2011 through December 31, 2016;

B.     Order Defendant Merchant to produce all Cash Disbursement Journals for the period of January 1, 2011 through December 31, 2016;

C.     Order Defendant Merchant to produce the IRS Form 1099's for years 2011, 2012 and 2013;

D.     Order Defendant Merchant to produce a Complete Job Listing for the period of January 1, 2011 through December 31, 2016;

E.     Order Defendant Merchant to produce the 2011 General Ledger;

9

F.     Order Defendant Merchant to produce invoices for Integrity

Electrical Staffing, Integrity Electrical Consulting, Genmar Consulting, payments

to Joseph Scaglione, and cash disbursements adjustments listed under materials for

the period of January 1, 2011 through December 31, 2016; and

G.     Order any such other and further relief as this Court may deem

equitable, just and appropriate.

Respectfully submitted,
**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

By: _____

W. Daniel Feehan, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
dfeehan@obbblaw.com

Dated: May 10, 2019

10