## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND, ET AL.,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**MERCHANT ELECTRIC, INC., doing business as MERCHANT ELECTRIC AND LIGHTING SERVICES, INC.,**<br><br>        **Defendant.** | Civ. No. 19-12451 (KM)<br><br>**ORDER & JUDGMENT** |

**IT APPEARING** that the court, by Steven C. Mannion, U.S. Magistrate Judge, granted the motion of Ronald L. Tobia, Esq., to withdraw as counsel for the defendant (DE 31); and

**IT FURTHER APPEARING** that defendant, a corporate party which cannot appear *pro se,* thereafter failed to obtain substitute counsel, failed to produce required discovery, including payroll audit records, and in general has not substantively appeared or participated in the litigation any further; and

**IT FURTHER APPEARING** that the clerk entered default on August 4, 2020; and

**IT FURTHER APPEARING** that on December 16, 2020, the plaintiffs moved for entry of a default judgment (DE 37); and

**THE COURT HAVING CONSIDERED** the usual factors for a default judgment, and found that defendants were properly served; that plaintiffs have established their entitlement to delinquent contributions, to which no meritorious defense appears; that plaintiffs are prejudiced in that they have been stymied from making their case; and that defendants are culpable for the default; and

**THE COURT HAVING FURTHER CONSIDERED**, in the alternative, the *Poulis* factors[1] for dismissal of an action for failure to prosecute, and found that (1) defendant is responsible for its own default; (2) defendant has obstructed the progress of the litigation, particularly by its failure to make discovery; (3) that delay has resulted; (4) that no excuse, other than financial inability, is made for the defendant's purposeful failure to make discovery or procure new counsel; (5) that no lesser sanction will suffice; and (6) that no defense to plaintiffs' demand for delinquent contributions appears;

**AND THE COURT** having reviewed the application for attorney's fees, pursuant to 29 U.S.C. § 1132(g), and found it reasonable;

**IT IS,** this 1st day of June, 2021,

**ORDERED** that the motion (DE 37) is **GRANTED**; and it is further

**ORDERED and ADJUDGED** that the Plaintiffs recover of Defendant Merchant Electric, Inc. the sum of $158,646.35, which is inclusive of interest, liquidated damages, and attorneys' fees, as provided by law, and to include additional interest thereon; and

**IT IS FURTHER ORDERED** Defendant Merchant is to produce the following documents to the Plaintiffs within fourteen (14) days of the date of this Order: Time Cards/Time Sheets for all employees for the period of January 1, 2011 through December 31, 2016; all Cash Disbursement Journals for the period of January t 2011 through December 31, 2016; IRS Form 1099's for years 2011, 2012 and 2013; a Complete Job Listing for the period of January 1, 2011 through December 31, 2016; the 2011 General Ledger; invoices for Integrity Electrical Staffing, Integrity Electrical Consulting, Genmar Consulting; payments to Joseph Scaglione; and cash disbursements adjustments listed under materials for the period of January 1, 2011 through December 31, 2016; and

---

[1]     *Poulis v. State Farm Fire & Cas. Corp.,* 747 F.2d 863, 868 (3d Cir. 1984).

**IT IS FURTHER ORDERED** that this Court will retain active jurisdiction over the enforcement and continued litigation of this matter, if and as it may become necessary.

/s/ Kevin McNulty

_____

**KEVIN MCNULTY**
**United States District Judge**